IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIVIAN WILHITE, et al. § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 4:18-CV-00866 | |
| § | | |
| TEXAS DEPARTMENT OF § | | |
| FAMILY AND PROTECTIVE § | | |
| SERVICES, et al. § | | |
|    *Defendant*. § | | |

**DEFENDANTS TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, KIARA HEWITT-SAFFOLD, CHRISTINA HARVEY, DEBRA KIMMEL, AND KATINA RICE'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendants Texas Department of Family and Protective Services, Kiara Hewitt-Saffold (Hewitt-Saffold), Christina Harvey (Harvey), Debra Kimmel (Kimmel), and Katina Rice (Rice) file their Reply to Plaintiff's Response to their Motion to Dismiss.

## I.    Reply to Plaintiff's 12(b)(1) Response

Wilhite claims that Eleventh Amendment Immunity only applies if monetary damages are sought. D.E. 22 at 1–2. This is not the case. The Supreme Court has long held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). While the Supreme Court has held that a state official sued in his or her official capacity can be sued for prospective injunctive relief, the state cannot be sued, and the potential relief available is far more limited than "non-monetary." *See Ex parte*

*Young*, 209 U.S. 123 (1908). The *Ex parte Young* exception allows a Plaintiff to seek *only prospective injunctive relief* when a *state official* is sued in his or her official capacity. The exception does not allow for the state or its subdivisions to be sued, and it does not allow for retroactive relief, even if it is non-monetary.

Wilhite also claims that she met the pleadings requirements because she "pled facts in her complaint that credibly allege a conspiracy between employees at DFPS to deprive her of her right to practice as a childcare provider in the State of Texas, and Defendants themselves set forth some of these facts in their Motion to Dismiss." D.E. 22 at 2. But Wilhite fails to specify what facts she references. And significantly, Wilhite did not plead conspiracy as a cause of action in her live complaint. *See* D.E. 12; D.E. 1 at 9.

A federal conspiracy claim is brought under 42 U.S.C. § 1985. But 42 U.S.C. § 1985 "provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 382 (1979). And a conspiracy action is not viable without a violation of 42. U.S.C. § 1983. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). As explained in Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Wilhite has failed to state a claim under 42 U.S.C. § 1983, so her conspiracy claim necessarily fails.

In order to state a claim under 42 U.S.C. § 1985, Wilhite must allege: (1) a conspiracy involving two or more persons; (2) intended to deprive a person of a

constitutional right; (3) action to further the conspiracy; (4) that causes injury to the person. *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 378 (5th Cir. 2017). Not only does Wilhite's claim fail to state a 42 U.S.C. § 1983 claim on which the conspiracy claim can be based, her claim also fails because the conspiracy does not involve two or more persons. Acts by agents of a governmental entity are considered acts of that entity. *Jefferson v. Smith*, 714 F. App'x 450, 451 (5th Cir. 2018).

In *Hilliard v. Ferguson*, the Fifth Circuit held that a school board and its employees constitute a single legal entity, which, for purposes of 42 U.S.C. § 1985, cannot form the basis of a conspiracy. 30 F.3d 649, 653 (5th Cir. 1994). Neither a school board nor a state agency can conspire with itself. *Id.*; *see also Landry v. Cypress Fairbanks ISD*, No. 4:17-CV-3004, 2018 WL 3436971, at *6 (S.D. Tex. July 17, 2018).

Further, Wilhite makes nothing but conclusory allegations regarding the alleged conspiracy. Wilhite notes that multiple child care licensing staff cited her operation for violations of child care standards, but provides nothing more than an allegation that one employee told her Defendant Rice wanted to find violations. D.E. 12 ¶ 26 at 5. According to the complaint, no violations were found on that occasion, so Wilhite suffered no harm. *Id.* The substance of her allegations is that the citations she received, all at least a year after the alleged conversation, were fabricated and part of a conspiracy against her. D.E. 12 at 4-11. In order to state a claim, Wilhite must plead facts to support her allegation of a conspiracy. *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 289 F. App'x 22, 33 (5th Cir. 2008); *Deelen v. Klein Indep. Sch. Dist.*, No. CV H-14-

3

923, 2015 WL 10767059, at *5 (S.D. Tex. Mar. 31, 2015), *aff'd sub nom. Van Deelen v. Cain*, 628 F. App'x 891 (5th Cir. 2015). Conclusory allegations, such as those made by Wilhite, are insufficient to state a plausible conspiracy claim. *Id.*

Further, Defendants Hewitt-Saffold, Harvey, Kimmel, and Rice have asserted their entitlement to qualified immunity. Qualified immunity is not only a defense from liability, it provides immunity from suit as well. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Wilhite must be required to state a viable claim in order to defeat Defendants' Motion to Dismiss.

## II. Reply to 12(b)(6) Response

### 1. Abuse of Process Claim

In Wilhite's response, she does not address Defendants' argument that she has not pled a viable claim for abuse of process under 42 U.S.C. § 1983. Wilhite does not address the elements of a 42 U.S.C. § 1983 cause of action for abuse of process, which is the claim in her live complaint. D.E. 22 at 3; D.E. 12 at 12. As previously stated, Wilhite's claim of abuse of process "fail[s] as a matter of law unless founded in another constitutional right" because 42 U.S.C. § 1983 does not create "a free standing federal abuse of civil process claim" as it "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere." *Cevallos v. Silva*, 541 F. App'x 390, 394 (5th Cir. 2013*); Martin v. Tex. Dep't of Protective & Regulatory Servs.*, 405 F. Supp. 2d 775, 798 (S.D. Tex. 2005) (citations omitted). Wilhite does not allege specific facts as to each defendant, but only makes conclusory statements that

4

Defendants conspired to shut down Wilhite's childcare facility. D.E. 22 at 4. Wilhite does not address what plausible underlying constitutional violation this claim is based on, but instead discusses the elements of a Texas common law claim of abuse of process. D.E. 22 at 3.

While Wilhite has not pled a Texas common law claim of abuse of process, even if she did, it would come under, and be subject to, the limited waiver of sovereign immunity and the election of remedies provision in the Texas Tort Claims Act (TTCA). *See Bustillos v. El Paso Cty. Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018) (regardless of whether a common law tort claim is pled under the TTCA, any common law tort claim alleged against a governmental agency, or its employees, will be considered to have been brought under and subject to the TTCA). In response to Wilhite's Original Complaint in which she brought TTCA claims, DFPS filed a Motion to Dismiss asking for dismissal of Wilhite's common law tort claims against the individual defendants pursuant to the election of remedies provision in the TTCA[1], as well as dismissal of the common law tort claims against DFPS under the Eleventh Amendment.[2]  D.E. 11 at 7-12. Wilhite then amended her complaint, dropping all Texas common law tort claims against the individual Defendants and DFPS. D.E. 12. Should Wilhite plead a common

---

[1] Under the election of remedies provision of the TTCA, a claim that is brought against an employee of a governmental agency "based on conduct within the general scope of that employee's employment and if it could have been brought under [the TTCA] against the governmental unit," the claim is considered to be against the employee in her official capacity only. Tex. Civ. Prac. & Rem. Code § 101.106(f). On a motion by the employee, the claim against her shall be dismissed unless the complaint is amended to name the governmental agency as a defendant within 30 days of the motion. *Id.*
[2] TTCA does not waive Eleventh Amendment immunity for this claim in this Court. *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996) (the TTCA only waives sovereign immunity in state court and "clearly does not waive Eleventh Amendment immunity to suit in federal courts.").

law abuse of civil process claim, it would fail for the same reasons discussed in DFPS's Motion to Dismiss. D.E. 11 at 7–12.

Furthermore, a common law claim for abuse of process brought in state court would fail as well because "[t]he TTCA provides a limited waiver of immunity for certain suits against Texas government entities" and does not waive sovereign immunity for intentional tort claims. *Bustos v. Martini Club*, 599 F.3d 458, 462 (5th Cir. 2010); Tex. Civ. Prac. & Rem. Code § 101.057(2). And, a common law claim for abuse of process is an intentional tort. *Harris v. Francis*, No. 05-99-00866-CV, 2000 WL 175588 at *4 (Tex. App.—Dallas Feb. 16, 2000, no pet.).

Even if Wilhite could bring a common law claim of abuse of process not barred by the TTCA, she has not alleged facts to support a viable claim. If "wrongful intent or malice caused the process to be issued initially, the claim is instead one for malicious prosecution" and if "the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs." *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (internal citations omitted). To constitute abuse of process under Texas law, "the process must have been used to accomplish an end which is beyond the purview of the process and compel a party to do a collateral thing which he could not be compelled to do." *Id.* Here, Defendants inspected Wilhite's childcare facility, notified her of the deficiencies that were observed, provided her with an administrative review, and she received a hearing at the State Office of Administrative Hearings (SOAH) which reviewed the

cited deficiencies. D.E. 12 at 5-11. This process was used to accomplish an end that is within the process, a hearing at SOAH, which reviewed the deficiencies cited by Defendants. *See* Tex. Hum. Res. Code § 42.072(a)–(b). Thus, for the reasons discussed above, this claim should be dismissed, as Wilhite has not pled a plausible cause of action for abuse of process under 42 U.S.C. § 1983.

**Res Judicata**

Wilhite argues that her claims are not barred by res judicata because she was not required to exhaust her constitutional claims before bringing them in federal court. This argument is flawed for multiple reasons. First, Wilhite is asking this Court to overturn the revocation of her license. D.E. 12 at 16. Res judicata includes the doctrine of issue preclusion, which bars relitigating issues which would overturn a prior judgment. "Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine,* 532 U.S. 742, 748–49 (2001). Wilhite cannot relitigate the revocation of her child care permit, regardless of whether she has added new claims to argue that the revocation was improper.

Additionally, Wilhite was not exempt from exhausting her claims. Wilhite's allegations are essentially that the Defendants found her in violation of licensing rules for illegitimate reasons, and consequently, she had her permit revoked. Because the purpose of her administrative hearing at SOAH was to give her an opportunity to show

7

that her permit should not have been revoked, she needed to present all of these theories to the Administrative Law Judge (ALJ). The ALJ is the fact finder in a case falling under the Administrative Procedure Act (APA). *Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.).

Wilhite had the opportunity to present evidence to the ALJ to support the theories she has asserted to this Court. D.E. 13 at App. 2. She also had the opportunity to file a suit for judicial review in Travis County upon filing a motion for rehearing preserving her arguments for judicial review.

Wilhite's constitutional claims are not exempt from these exhaustion requirements. When a statute provides a right to judicial review, a person raising a constitutional claim must comply with the statute's exhaustion requirements. *Tex. Comm'n on Envt'l. Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied); *accord Natter v. Dep't of State Health Services*, No. 03-16-00317-CV, 2016 WL 4980215, at *2 (Tex. App.—Austin Sept. 13, 2016, no. pet.) ("To the extent Natter has alleged any other constitutional violation or defect associated with the Board's action in ordering a probated suspension of his license, such allegations would not excuse his failure to comply with applicable law, including the APA's jurisdictional prerequisites to bringing a suit for judicial review."). "A party cannot attack collaterally what she chooses not to challenge directly." *City of Dallas v. Stewart*, 361 S.W.3d 562, 580, (Tex. 2012).

8

Wilhite cites to *Mitz v. Texas State Board of Veterinary Medical Examiners* to support her assertion that her constitutional claims need not be exhausted. But the holding in *Mitz* applies specifically to a challenge to the constitutionality of a statute, an issue which the Veterinary Board had no jurisdiction to decide. "In light of *Juliff Gardens,* we hold that the Board has neither exclusive nor primary jurisdiction to determine the *constitutionality of the relevant portions of the Act* and that therefore Appellants were not required to allow the Board to reach a final decision on the applicability of the Act to the practitioners before bringing a constitutional challenge." *Mitz v. Tex. State Bd. of Veterinary Med. Exam'rs*, 278 S.W.3d 17, 23–24 (Tex. App.—Austin 2008, pet. dism'd) (emphasis added). Wilhite is not challenging the constitutionality of a statute; instead she is alleging that her constitutional rights were violated when she was found to have violated licensing rules for allegedly illegitimate reasons. *Kelsoe* and *Natter* apply here, and Wilhite needed to properly present these issues to the ALJ at SOAH, file a proper motion for rehearing, and file suit for judicial review in order to preserve these issues.

Even if Wilhite had properly exhausted her requirements, her remedy would not lie in federal court. And her failure to pursue her suit for judicial review in Travis County does not make this suit proper. *See Cox v. DeSoto Cty., Miss.*, 564 F.3d 745, 748 (5th Cir. 2009). Like Cox, Wilhite had the opportunity for judicial review of the agency decision to revoke her permit, but she chose not to pursue it. Therefore, Wilhite's claims are barred by res judicata.

### 2. Supervisory Liability

Wilhite alleges that "Defendant Rice directed or permitted Defendants Griggs, Dana Davis, Stacy Davis, and Hewitt-Saffold to issue untrue and malicious citations for violations against Plaintiff and her business." D.E. at 12. Wilhite does not plead that Defendant Rice failed to train or supervise anyone. D.E. 12 at 14–15. Wilhite claims that the other Defendants issued "untrue and malicious citations." D.E. 12 at 14. But she provides no facts to support her assertion that Defendant Rice had any knowledge of these alleged actions.

Additionally, Wilhite has failed to plead a viable claim against any of the Defendants for violation of her rights under 42 U.S.C. § 1983. There can be no supervisory liability claim under 42 U.S.C. § 1983 without an underlying constitutional violation.

**PRAYER**

For the reasons stated above, Defendants Texas Department of Family and Protective Services, Kiara Hewitt-Saffold, Christina Harvey, Debra Kimmel, and Katina Rice respectfully ask this Court to dismiss this case against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Texas Department of Family and Protective Services, Kiara Hewitt-Saffold, Christina Harvey, Debra Kimmel, and Katina Rice further pray for such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

NICHOLE BUNKER-HENDERSON
Chief, Administrative Law Division

/s/ *Kimberly Fuchs*
KIMBERLY FUCHS
Texas Bar No. 24044140
SARAH WOLFE
Texas Bar No. 24079600

Assistant Attorney Generals
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167
kimberly.fuchs@oag.texas.gov
sarah.wolfe@oag.texas.gov

***Attorneys for Defendants DFPS, Hewitt-Saffold, Harvey, Kimmel, and Rice***

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2018, a true and correct copy of the foregoing Reply to Plaintiff's Response to their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by Defendants Texas Department of Family and Protective Services, Kiara Hewitt-Saffold, Christina Harvey, Debra Kimmel, and Katina Rice has been filed using the CM/ECF system, which will effectuate service on the following counsel of record:

JAMES FALLON
Federal I.D. No. 22508
3401 Allen Parkway
Houston, TX 77019
Telephone:   (713) 224-0284
Facsimile:   (713) 224-0109
james@jtfallon.com

*Attorney for Plaintiff*

/s/ *Kimberly Fuchs*
KIMBERLY FUCHS
*Attorney for Defendants DFPS,*
*Hewitt-Saffold, Harvey, Kimmel, and Rice*