IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIVIAN WILHITE, et al. | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00866 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| FAMILY AND PROTECTIVE | § | |
| SERVICES, et al. | § | |
|    *Defendant*. | § | |

**KIARA HEWITT-SAFFOLD, CHRISTINA HARVEY, DEBRA KIMMEL, AND KATINA RICE'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Kiara Hewitt-Saffold (Hewitt-Saffold), Christina Harvey (Harvey), Debra Kimmel (Kimmel), and Katina Rice (Rice) file their Reply to Plaintiff's Response to their Motion to Dismiss.

As an initial matter, this Court's Rule 6 requires briefs to be limited to twenty pages, but Wilhite's response is 42 pages long. ECF No. 59.

Furthermore, Wilhite's response focuses almost entirely on her allegations against the Defendants and not how those allegations can form the basis of a constitutional claim against Defendants. In her live complaint, Wilhite brings two causes of action: Abuse of Process and Malicious Use of False Evidence. ECF No. 41 at 15–17. But she fails to mention either of these causes of action in her response.

ECF No. 59. Instead, she only mentions a due process claim. *Id.* at 41. Because Wilhite claims to be bringing her Malicious Use of False Evidence under the Fourth and Fourteenth Amendments, although not cognizable, Defendants assume that this is the claim she is attempting to support in her response. [1]

I. **Reply to Response to Motion to Dismiss under Rule 12(b)(1)**

As explained in Defendants' Motion to Dismiss, Wilhite must show that each Defendant was personally involved in an ***alleged constitutional deprivation*** in order to have standing to bring the claim against the Defendant.

Although Wilhite adds considerable detail to her allegations against the Defendants, she does not explain how those alleged actions violated her constitutional rights. Stated simply, Wilhite provides details about why she believes the violations of Department rules were incorrect or fabricated, but the legitimacy of these violations is not at issue; that issue has already been decided in the administrative hearing, which was subject to judicial review in state court. She does not explain how the allegations fulfill the elements of the claims she wishes to pursue. Therefore, Wilhite fails to establish standing against any Defendant pursuant to FRCP 12(b)(1).

    A. **Reply to Response to motion to dismiss under 12(b)(6)**

---

[1] Wilhite states that she intends to seek leave to file a Third Amended Complaint based on the transcripts of the earlier proceedings. ECF No. 59 at 1-2. To the extent this statement is construed as a request to amend, Defendants are opposed. To the extent Wilhite is complaining about occurrences during either hearing, those complaints should have been raised in a suit for judicial review or direct appeal.

**1. Qualified Immunity**

Despite Wilhite's more detailed allegations, she has failed to state a valid constitutional claim against any Defendant and has therefore failed to overcome their entitlement to qualified immunity. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Wilhite's response is 42 pages long, no where is there an explanation of how her allegations, even if true, fulfill the elements of a due process or malicious use of false evidence claim. Wilhite's conclusory and unsupported allegations fail to state a claim that Wilhite's clearly established rights were violated. Therefore, Defendants' entitlement to qualified immunity is preserved, and Wilhite's complaint should be dismissed for failure to state a claim.

**2. Res Judicata**

Wilhite's response clearly illustrates that her real complaint is that she disagrees with the Administrative Law Judge's (ALJ) decision in her administrative hearing at the State Office of Administrative Hearings (SOAH). ECF No. 59. Wilhite is permitted to bring this claim—in the form of a suit for judicial review in state court in Travis County.

In a suit for judicial review, a Texas court reviews an administrative decision under the substantial evidence standard. The substantial evidence rule provides:

> If the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of

judicial review, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code § 2001.174.

Wilhite could have made the same arguments she is making in this case in a suit for judicial review. The crux of her argument is that the ALJ's decision is not supported by the evidence and the decision was arbitrary.

Although Wilhite did file a suit for judicial review in the proper forum, she non-suited that case and attempted to relitigate it as a due process claim in federal court. ECF No. 42, App. 2. The non-suit does not absolve Wilhite of her obligation to pursue her available remedy and does not sidestep the res judicata bar. The Fifth

Circuit previously rejected this approach in *Cox*. *See Cox v. DeSoto Cty., Miss.*, 564 F.3d 745, 748 (5th Cir. 2009).

Wilhite argues that neither the SOAH hearing nor the previous temporary injunction hearing in Fort Bend County involved precisely the same issues. ECF No. 59 at 37. While this may be true of the Fort Bend County case, this is not true of the SOAH case. Both this action and the SOAH case arose out of the same transaction—a permit revocation. Wilhite admits the primary issue in the SOAH hearing was whether her child care permit should be revoked. *Id*. In both cases, Wilhite argues that the revocation was improper. The preclusive effect of a prior judgment "extends to all rights of the Plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401–02 (5th Cir. 2009) (quoting *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)). Both this action and the earlier transaction arose out of the same transaction—a permit revocation. Therefore, res judicata applies.

Further, as discussed below, Wilhite cannot bring a due process claim for the malicious use of false evidence. But even if she could plead a colorable claim, this type of claim is not a stand-alone due process claim, but rather a claim that the lower court or tribunal erred in its evaluation of the evidence and the conclusion it reached. Therefore, these issues could have been presented in a suit for judicial review,

followed by a direct appeal, and potentially a petition for review in state court. These claims have no place in federal court.

### 3. Abuse of Process

Willhite brings a claim for "§ 1983 Abuse of Process against individual Defendants." ECF No. 41 at 17–18. She provides no response to Defendants' Motion to Dismiss this claim. ECF No. 59. Therefore, Defendants' request for dismissal of this claim should be considered unopposed. S.D. Tex. Civ. R. 7.4; The Honorable David Hittner's Procedures No. 6.

Furthermore, as argued in Defendants' Motion to Dismiss, Wilhite's claim of abuse of process "fail[s] as a matter of law unless founded in another constitutional right." *Cevallos v. Silva*, 541 F. App'x 390, 394 (5th Cir. 2013); ECF No. 42. Wilhite provides no argument as to how this claim is founded in another constitutional right.

### 4. Malicious Use of False Evidence

Wilhite also brings a claim characterized as "Malicious use of false evidence to deprive Wilhite of her Director's License and Royal T of its child care license, in violation of Wilhite's Fourth and Fourteenth Amendment rights." ECF No. 41 at 17. Wilhite does not cite to any case law indicating that this is a cause of action that can be brought under 42 USC § 1983. In their Motion to Dismiss, Defendants noted that Wilhite's claim seemed to be similar to the one brought by the Plaintiff in

6

*Castellano*. *See Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). But Defendants argued that *Castellano* is not applicable to Wilhite's case because it involved a criminal conviction and Castellano's claims were not ripe until her criminal conviction was overturned. *Id.* at 959–60. Wilhite provided no argument that *Castellano* is applicable, nor did she provide any support for this cause of action being available in a civil case or for a situation, like Wilhite's, where the decision at issue still stands and has not been overturned.

Wilhite's claims, however they are framed, are at their heart a collateral attack on the ALJ's decision upholding the permit revocation of Wilhite's child care center. A finding that Defendants falsified evidence would be contrary to the ALJ's finding that she "had failed to provide proof of fire inspection, failed to correct a unitary surface, failed to get a criminal background check and follow related procedures, and failed to provide proof of necessary training." ECF No. 41, App. 2 at 2–3.

Wilhite has failed to state a claim for malicious use of false evidence under which relief can be granted, and this claim must be dismissed from the lawsuit.

### 5. Conspiracy

Wilhite only mentions her conspiracy claim once in her response, in the introduction. ECF No. 59 at 3. Because she fails to provide any opposition to Defendants' argument, it should also be considered unopposed and Defendants' motion to dismiss should be granted. S.D. Tex. Civ. R. 7.4; The Honorable David

Hittner's Procedures No. 6. Further, because Wilhite has failed to state a viable claim under 42 U.S.C. § 1983, she does not have a viable conspiracy claim.

## **PRAYER**

For the reasons stated above, Kiara Hewitt-Saffold, Christina Harvey, Debra Kimmel, and Katina Rice respectfully ask this Court to dismiss this case against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Saffold, Harvey, Kimmel, and Rice further pray for such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

CRAIG J. PRITZLAFF
Chief, Administrative Law Division


/s/ *Kimberly Fuchs*
KIMBERLY FUCHS
Texas Bar No. 24044140
S.D. No. 422115
kimberly.fuchs@oag.texas.gov
SARAH WOLFE
Texas Bar No. 24079600
S.D. No. 3121469
sarah.wolfe@oag.texas.gov

Assistant Attorney Generals
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:  (512) 475-4195
Facsimile:   (512) 320-0167
kimberly.fuchs@oag.texas.gov
sarah.wolfe@oag.texas.gov

***Attorneys for Defendants***
***Hewitt-Saffold, Harvey, Kimmel, and Rice***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2019, a true and correct copy of the foregoing Reply to Plaintiff's Response to Their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by Defendants Kiara Hewitt-Saffold, Christina Harvey, Debra Kimmel, and Katina Rice has been filed using the CM/ECF system, which will effectuate service on the following counsel of record:

LARRY WATTS
State Bar No. 20981000
Watts & Company, Lawyers, Ltd.
P.O. Box 2214
Missouri City, TX 77459
Telephone: (281) 431-1500
Facsimile: (877) 797-4055
wattstrial@gmail.com
***Attorney for Plaintiff***

/s/ *Kimberly Fuchs*
KIMBERLY FUCHS
***Attorney for Defendants***
***Hewitt-Saffold, Harvey, Kimmel, and Rice***